UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14043-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KILEY CARPENTER,

    Defendant.
_____/



FILED by ___ D.C.

FEB 24 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 09-1758]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Robert W. Stickney, Esquire, as attorney for the Defendant Kiley Carpenter, as well as a copy of Mr. Stickney's letter to the CJA Administrator explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $562.50 for 4.5 hours of in-court time at the statutory rate of $125 an hour and $13,175.00 as compensation for 105.4 hours at the statutory hourly rate of $125. This totals $13,737.50 as attorney's fees. Counsel for the Defendant also seeks reimbursement for travel expenses and copying expenses which total $1,106.83.

    2.    This Court has reviewed the voucher as well as the attachments submitted by Mr. Stickney. This Court has also reviewed the docket sheet and is familiar with this case since all pretrial matters, including the change of plea hearing, were conducted by the undersigned U. S. Magistrate Judge. It is not necessary for this Court to conduct an evidentiary hearing since this Court is very familiar with the underlying facts of this case as

well as all of the pretrial matters which were conducted in this case. Further, this is an administrative decision as opposed to an adversarial proceeding as is delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.  The attorney's fees sought by Mr. Stickney exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine if there is justification to waive or exceed the statutory amount which in this case is $9,700.00. In making such a determination, this Court must establish if this matter was "extended" or "complex" as defined in the statute and the case law. An extended case is one requiring more time than normal under similar facts and circumstances. A complex case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

4.  In this case, the Defendant was charged by a Superseding Indictment along with co-defendants. However, the Defendant Kiley Carpenter was only charged in Count Three which alleged that on or about September 29, 2009 in St. Lucie County and Palm Beach County in the Southern District of Florida Kiley Carpenter did receive, possess, conceal, store and dispose of property and money which had been taken and stolen from a financial institution, in violation of Title 18, United States Code, Section 2113(a), knowing the same to be property which had been stolen; all in violation of Title 18, United States Code, Sections 2113(c) and 2.

5.  The Superseding Indictment was returned on or about December 17, 2009 and the Defendant made her initial appearance before the Court on or about January 6, 2010. Due to a conflict with the Federal Public Defender who had been appointed to represent a

well as all of the pretrial matters which were conducted in this case. Further, this is an administrative decision as opposed to an adversarial proceeding as is delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.  The attorney's fees sought by Mr. Stickney exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine if there is justification to waive or exceed the statutory amount which in this case is $9,700.00. In making such a determination, this Court must establish if this matter was "extended" or "complex" as defined in the statute and the case law. An extended case is one requiring more time than normal under similar facts and circumstances. A complex case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

4.  In this case, the Defendant was charged by a Superseding Indictment along with co-defendants. However, the Defendant Kiley Carpenter was only charged in Count Three which alleged that on or about September 29, 2009 in St. Lucie County and Palm Beach County in the Southern District of Florida Kiley Carpenter did receive, possess, conceal, store and dispose of property and money which had been taken and stolen from a financial institution, in violation of Title 18, United States Code, Section 2113(a), knowing the same to be property which had been stolen; all in violation of Title 18, United States Code, Sections 2113(c) and 2.

5.  The Superseding Indictment was returned on or about December 17, 2009 and the Defendant made her initial appearance before the Court on or about January 6, 2010. Due to a conflict with the Federal Public Defender who had been appointed to represent a

co-defendant in the Superseding Indictment, Mr. Stickney was appointed as CJA counsel to represent the Defendant on January 6, 2010.

6. The case proceeded in a very routine fashion from that point forward. An arraignment was held on January 8, 2010. There were two responses by the government to the Court's Standing Discovery Order, those being delivered to the Defendant on or about January 13, 2010 and January 26, 2010. There were bond violation hearings in which this Court ended up revoking the bond originally set by the Court and remanding the Defendant into custody for a short period of time. The bond violation hearings ultimately resulted in this Court allowing the Defendant to again be released on bond conditioned on her being admitted into the PANDA Program as Mr. Stickney refers to in his letter. The PANDA Program is a program for individuals such as the Defendant who require in-patient substance abuse treatment and are pregnant.

7. The case did not go to trial. This Court conducted a change of plea hearing on March 12, 2010, at which time the Defendant entered her guilty plea pursuant to a written plea agreement. This Court issued its Report and Recommendation in respect to that change of plea hearing which was adopted by the District Court. The District Court conducted a sentencing hearing on May 28, 2010. Finally, Mr. Stickney filed a motion to reduce sentence on behalf of the Defendant in August of 2010 which was later granted by the District Court.

8. Based upon this Court's total involvement in this matter, the Court cannot find the matter to be complex. Mr. Stickney is a very qualified criminal defense attorney who regularly appears before this Court. The charges were not involved nor complex. There is no indication that there were extensive items of discovery to be reviewed nor an unusual amount of witnesses to be interviewed. The case was resolved by entry of a negotiated plea.

The facts underlying this case in no way meet the definition of a "complex case" as referenced by this Court above.

9. This Court does not believe that this case meets the definition of an "extended case" either. The total time this matter took from the initial appearance through sentencing is just short of five months. This Court is mindful of Mr. Stickney's explanation set forth in his attachment that he made several visits to the Defendant while she was at the in-patient PANDA Program in Belle Glade, Florida, and to come to court in Fort Pierce on the occasions as noted by the Court from the docket sheet. However, this is no different than if the Defendant had been detained in the St. Lucie County Jail as a federal prisoner pending trial and counsel had to travel here to consult with his client. If this Court was to find that such travel from an attorney's office to the Fort Pierce Division of the Court to meet with a client satisfied the definition of "extended", then any case in the Fort Pierce Division wherein a Defendant had been detained would automatically qualify as an "extended case." This Court cannot set such a precedent.

10. This Court also must point out that it is appreciative of having qualified attorneys such as Mr. Stickney on the CJA list available to indigent defendants. However, this Court has a gatekeeper function wherein this Court must balance the right of court appointed counsel to receive adequate compensation for representation given to a particular indigent defendant as provided by statute against the realization that there are limited CJA funds available in this district and nationwide for such services. This Court must make certain that Mr. Stickney is adequately compensated for the representation he provided the Defendant. At the same time, this Court must make sure that amounts exceeding the statutory cap are not paid unless there is sufficient justification under the case law and statutory framework of the CJA program. Otherwise, there would be a severe impact the

availability of CJA funds to indigent defendants in the future. In performing its function, this Court is not questioning any of the time records which Mr. Stickney has submitted nor any of the tasks he performed. This Court is only making a determination that under the statutory framework and definitions within which this Court must function, this matter does not meet the definition of being either an "extended" or a "complex" case. As such, Mr. Stickney's recovery of attorney's fees will be limited to the statutory maximum of $9,700.00 plus the travel expenses and costs which he incurred as referenced above.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 09-1758 be **GRANTED** insofar as Mr. Stickney be awarded the statutory maximum of $9,700.00 as reasonable attorney's fees together with travel expenses in the amount of $1,094.83 and other expenses for copying in the amount of $12.00, for a total sum of $10,806.83.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 24th day of February, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Robert W. Stickney, Esq.
Lucy Lara, CJA Administrator